UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas A. Mortice,       Civ. File No. 02-2936 (PAM/RLE)

    Plaintiff,

v.       **MEMORANDUM AND ORDER**

Providian Financial Corporation,
d/b/a Providian National Bank,
Experian Information Solutions Inc.,
and Trans Union LLC,

    Defendants.

---

This matter is before the Court on Defendant Providian Financial Corporation's Motion for Summary Judgment and Motion for Attorneys' Fees and Costs. Plaintiff agrees that his claims should be dismissed, but contests the Motion for Attorneys' Fees and Costs.

**BACKGROUND**

Plaintiff Thomas Mortice brought this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. In his Complaint, he alleged that Defendant Providian Financial Corporation ("Providian") violated the FCRA by failing to credit his credit card balance with a $13,000 payment allegedly made in June 2001. Attached to the Complaint as Exhibit 2 was a copy of the $13,000 check that Mortice allegedly sent Providian and that Providian allegedly cashed.

The veracity of this check forms the basis for the current Motion. Providian contends

FILED  APR 2 4 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D  APR 2 4 2003
DEPUTY CLERK

that the $13,000 check, bearing check number 5000, was actually a check that Mortice made out to himself and cashed in June 2001. The copy of the check attached to the Motion bears some unique routing numbers from Providian's bank; however, these routing numbers are also found on Mortice's check number 5003, a check in the amount of $26.15 that was undisputedly sent to Providian and cashed by Providian. The same routing number never appears on different checks. Providian alleges that Mortice or his attorney cut and pasted the routing information and the "pay to the order of" information from check number 5003 onto check number 5000 to make it look as if Mortice had sent the $13,000 check to Providian and that Providian had cashed the check.

To make matters more complicated, Providian in fact credited Mortice's account with a $13,000 payment in June 2001. According to Providian, this payment was in the form of an electronic withdrawal from Mortice's checking account, not in the form of a paper check. Because Mortice gave Providian an inaccurate account number and Mortice's bank dishonored Providian's attempted withdrawal, Providian eventually removed the $13,000 credit from Mortice's credit card account statement.

Providian now seeks attorneys' fees. Providian contends that it presented Mortice and his counsel with evidence in December 2002 that the check attached to the Complaint had been altered or manufactured. According to Providian, even when faced with this information, Mortice and his counsel refused to dismiss the lawsuit, causing Providian to incur more attorneys' fees and costs in bringing this Motion and other Motions. Providian

claims that Mortice knew his allegations were false at the time that he brought this lawsuit, entitling Providian to all of its fees and costs incurred in defending against his claims.

**DISCUSSION**

The FCRA provides for an award of attorneys' fees to a prevailing party if the Court finds that "an unsuccessful pleading, motion, or other paper . . . was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c). Mortice argues that his Complaint was not filed for the purposes of harassment or in bad faith and that an award of attorneys' fees is therefore improper. In the alternative, he contends that if the Court is inclined to award Providian its fees and costs, the award should be limited to the fees and costs incurred since December 2002, when Providian provided Mortice and his counsel with evidence of the alleged altered check. For its part, Providian contends that because Mortice works for a bank, his actions in either altering the check or acquiescing in another person's alteration of the check are even more egregious than the normal case, making an award of fees and costs appropriate.

Mortice asserts that the check attached to the Complaint is a true copy of the check in US Bank's possession. He argues that US Bank's inability to find this check is due to US Bank's merger with Firstar and bad recordkeeping. He further contends that it is possible that he wrote two checks numbered 5000, thus explaining the check number 5000 that Providian received from Firstar. He has no explanation, however, for the fact that only one $13,000 withdrawal was taken from his account, or that this withdrawal coincided with the

3

$13,000 check made out to himself, not the $13,000 check he allegedly wrote to Providian.

Mortice's explanations border on the incredible. Whether he, his attorney, or someone at direction of Mortice or his attorney altered check number 5000 to appear as if it was paid to Providian's order and received by Providian, such conduct cannot be countenanced. The alteration of a key document in a case amounts to fraud on the Court and must be sanctioned appropriately. At the least, Providian is entitled to an award of its reasonable attorneys' fees and costs from the commencement of this frivolous litigation.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment and for an Award of Attorneys' Fees and Costs (Clerk Doc. No. 28) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 24, 2003

Paul A. Magnuson
United States District Court Judge

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information **must** be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

June 1, 2000